of jurisdiction. That case was explained in Southwell v. Kingsland, supra, the court saying:

"The jurisdiction of the two courts upon appeal being essentially different, one weighing the evidence and the other only seeing whether there is any evidence to support the necessary allegations."

The complaint herein, stripped of conclusions, alleges merely the contract, the partial performance thereof by plaintiff, its rescission by defendant, and certain facts, indicating partial performance, from which special damages may have been sustained. There is no specific statement as to how much work the plaintiff has performed, or how much material it has furnished, or that it cannot dispose of its material in the market; nor is there any statement showing the mental process by which plaintiff arrives at its conclusion as to the amount of damages. There is no statement as to what the contract would have been actually worth to plaintiff, if it had been completed, nor any statement warranting the conclusion that the defendant has lost $2,000. Every statement of fact in the complaint and affidavit might be true, if plaintiff had sustained only nominal damages. The complaint may be sufficient as a pleading; but it is quite insufficient as an affidavit on which to base an attachment. The authorities are against an attachment on such evidence.

In Penoyer v. Kelsey, 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248, the court said, in speaking of this remedy of attachment:

"Owing to the statutory origin and harsh nature of this remedy, the section in question should be construed, in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it may be employed."

Within the principle of the cases cited, plaintiff failed to establish that it was entitled to recover a specific amount over and above all counterclaims known to it, and the order denying the defendant's motion to vacate the attachment must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except CHESTER and KELLOGG, JJ., who dissent.

---

### In re COVERT AVE. IN CITY OF NEW YORK.

### In re SCHMIDT.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

INSANE PERSONS (§ 71*)—CONVEYANCES—POWERS OF COMMITTEE—APPLICATION TO COURT—NECESSITY.

Where land was not originally a part of the estate of an incompetent, but was purchased by the committee at a sale upon foreclosure of a mortgage forming a part of the incompetent's personal estate, it retained the character of personalty, and the committee held it only as trustee; and hence no application to the court by the committee was necessary in order to transfer it.

[Ed. Note.—For other cases, see Insane Persons, Dec. Dig. § 71.*]

In the matter of acquiring title by the City of New York to certain lands situate on the northerly side of  Covert Avenue, 100 feet west of Bleecker Street, Borough of Queens, City of New York. selected for school purposes according to law, in which proceedings Henry Schmidt applied for an award to unknown owners. On motion to confirm referee's report and fix his fees. Report confirmed.

See, also, 133 App. Div. 931, 118 N. Y. Supp. 1140.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

James Moffett, for the motion.

Francis K. Pendleton, Corp. Counsel, opposed.

PER CURIAM. We are of opinion that the original transfer of the title to this property by the committee was valid. No application to the court was required, for the reason that the land was not originally a part of the estate of the incompetent, and when the committee purchased it at the sale under the foreclosure of a mortgage which formed part of his personal estate, the land still retained the character of personalty, and the committee held the title thereto only as trustee.

Report confirmed, with costs, and referee's fees fixed at $200.